UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEIDY A. CHINCHILLA-CARPIO,<br>        Plaintiff,<br>  v.<br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 3:13-cv-00683-MMD-WGC<br><br>ORDER<br><br>(Def's Motion to Strike Jury Demand – dkt. no. 4; Def's Motion to Transfer – dkt. no. 5) |

**I. SUMMARY**

Before the Court are Defendant United States of America's Motion to Transfer Action to Southern District of Texas ("Motion to Transfer") (dkt. no. 5) and Motion to Strike Judy Demand ("Motion to Strike") (dkt. no. 4).

For the reasons set out below, the Motion to Transfer is denied. The Motion to Strike is denied as moot.

**II. BACKGROUND**

Plaintiff filed the Complaint with this Court on December 12, 2013. (Dkt. no. 1.) The Complaint alleges the following. Plaintiff resides in Washoe County, Nevada. On January 23, 2012, Plaintiff was stopped and detained by Border Patrol officers near Rio Grande City, Texas. Border Patrol supervisor Daniel Durant pulled Plaintiff to the ground, breaking her coccyx. Plaintiff complained of pain during her detention. She was told by a Border Patrol officer, "that is what you get for entering the country illegally," and she was not provided medical care.

The Complaint asserts the following claims for relief pursuant to the Federal Tort Claims Act ("FTCA"):  (1) assault; (2) intentional harmful and offensive contact; and (3) intentional infliction of emotional distress.

Defendant moves to transfer this action to the United States District Court, Southern District of Texas pursuant to 28 U.S.C. § 1404(a). (Dkt. no. 5 at 1.) Plaintiff filed an opposition (dkt. no. 7) and Defendant filed a reply (dkt. no. 10.)

Defendant also moves to strike Plaintiff's jury demand on grounds that claims under the FTCA are, by statute, tried before a court without a jury. (Dkt. no. 4.) Plaintiff filed a response stating that she agrees with Defendant's position (dkt. no. 9) and withdrew her jury demand (dkt. no. 8). Defendant did not file a reply. As Plaintiff's jury demand has been withdrawn, the Motion to Strike is denied as moot.

The Court will now consider the Motion to Transfer.

### III.  DISCUSSION

#### A.  Legal Standard

Under 28 U.S.C. § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In deciding a motion to transfer venue under § 1404(a), the court may consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99 (citing *Stewart*, 487 U.S. at 29–31; *Lou v. Belzerg*, 834 F.2d 730, 739 (9th Cir. 1987)).

The party seeking to transfer venue bears the burden of showing that circumstances warrant a transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

///

**B.     Analysis**

Defendant argues that, other than Plaintiff's choice of forum, all of the relevant factors warrant transfer to the Southern District of Texas. (Dkt. no. 5 at 5.)

Regarding the first factor, there is no relevant agreement negotiated in this case so this factor does not tip either way.

For the second factor, Defendant argues that Texas law would apply to this case and a Texas court would naturally be most familiar with Texas law. (*Id.* at 5-6.) The FTCA permits suits against the United States for injuries caused within a government employee's scope of employment. *See* 28 U.S.C. § 1346(b)(1). "The law applicable to determine whether a government employee was acting within the scope of employment is 'the law of the place where the act or omission occurred.'" *Kashin v. Kent*, 457 F.3d 1033, 1037 (9th Cir. 2006) (quoting 28 U.S.C. § 1346(b)(1)). "This law is generally the respondeat superior law of the state in which the alleged tort occurred." *Kashin*, 457 F.3d at 1037 (citing *Green*, 8 F.3d at 698-99). Further, the government's liability is determined "in accordance with the law of the place where the [allegedly tortious] act or omission occurred."*Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2006) (internal quotation marks and citation omitted). The Complaint alleges that the allegedly tortious acts occurred in Texas, near the Texas border. The second factor thus weighs in favor of transfer.

As conceded by Defendant, the third factor weighs in favor of the District of Nevada, which is the forum chosen by Plaintiff. A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted).

It is not clear to the Court, as to the fourth factor, whether any of the officers named in the Complaint have had contact with Nevada. The government agency at issue in this action, the Department of Homeland Security ("DHS"), certainly operates throughout the country, including Nevada, and Plaintiff alleges that DHS sent officers to

1  Reno in connection with the "criminal investigation regarding the underlying events."
2  (Dkt. no. 7-1, Dickerson Decl.) Plaintiff, however, willingly travelled through Texas and
3  was stopped in Texas by Border Patrol. This factor does not clearly weigh in either
4  party's favor.

5  With regard to the fifth factor, taking the allegations in the Complaint as true, none
6  of the alleged tortious acts occurred in Nevada. The fifth factor thus weighs in favor of
7  transfer.

8  As to the sixth factor, cost of litigating in the two forums, Plaintiff argues that it
9  would be too expensive for her to have to litigate and hire local counsel in Texas. (Dkt.
10 no. 7 at 4.) Plaintiff states that she cannot afford airfare and she would have to travel to
11 Texas by road. (*Id.* at 1.) Defendant argues that all of the relevant witnesses would be in
12 Texas, where the alleged tortious acts occurred. (Dkt. no. 10 at 2.) Defendant thus
13 asserts that management of discovery would be far less expensive in Texas. (*Id.*)
14 Defendant also argues that Plaintiff will not necessarily have to hire local counsel as her
15 counsel could be admitted in the Southern District of Texas. (*Id.*) Plaintiff's counsel
16 states, however, that because Plaintiff could not afford the travel to Texas, a transfer
17 could result in Plaintiff having to pursue the matter pro se. (Dkt. no. 7-1, Dickerson Decl.)
18 Given that discovery can be handled remotely, and given that Defendant does not know
19 whether the relevant witnesses still reside in Texas or not (dkt. no. 10 at 3-4), it appears
20 as though the sixth factor weighs in favor of not transferring the case, and thus not
21 requiring Plaintiff to drive herself to Texas in order to attend court appearances.

22 As to the seventh factor, Defendant states that Texas-based witnesses "are
23 beyond the subpoena power of this Court, requiring trial testimony through means other
24 than live testimony for witnesses who do not voluntarily appear in Nevada. (Dkt. no. 5 at
25 6.) The Court cannot address this factor at this stage. Neither party has presented the
26 Court with a list of witnesses and Defendant does not make any specific arguments as to
27 why compulsory process would not be available in Nevada. This factor does not tip
28 either way.

4

Finally, as to the eighth factor, the Court agrees with Defendant that any and all evidence would be located in Texas, where all of the events alleged in the Complaint occurred. (Dkt. no. 10 at 3.) This factor weighs in favor of transfer.

In sum, the second, fourth, fifth, and eighth factors weigh in favor of transfer. The third and sixth factors weigh against transfer. Nevada is Plaintiff's preferred choice of forum and Plaintiff resides in Nevada. Further, the costs of litigating in another forum would appear to be felt more strongly by Plaintiff as opposed to Defendant. However, all of the actions giving rise to the Complaint occurred in Texas. Given the difficulty of travel for Plaintiff, the Court finds that it would be most convenient and fair to continue proceedings in this Court, the forum chosen by Plaintiff. This Court is capable of applying Texas law and discovery can be handled remotely, if the parties so choose, but proceedings would halt completely if Plaintiff could not afford to travel to Texas for necessary court appearances. That would place an unfair burden on Plaintiff. The Motion is denied.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is hereby ordered that Defendant's Motion to Transfer Action to Southern District of Texas (dkt. no. 5) is denied.

It is further ordered that Defendant's Motion to Strike Jury Demand (dkt. no. 4) is denied as moot.

DATED THIS 26th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE